IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-58 |
| TARON FOSTER | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.   Background**

Defendant Taron Foster is charged in a one-count indictment with the possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The defendant expressed his intention to plead guilty to Count One, pursuant to a guilty plea agreement with the government, under Federal Rule of Criminal Procedure 11(c)(1)(C). The government is also seeking criminal forfeiture of the firearm and ammunition that he possessed, specifically (1) a Smith & Wesson, M&P Shield, 9mm semi-automatic pistol, bearing serial number RFK1117; and (2) three live rounds of 9mm ammunition. The defendant's counsel has the original guilty plea agreement, which he will produce at the plea hearing. A change of plea hearing has been scheduled before the Honorable Juan R. Sánchez on May 2, 2022, at 11:00 a.m.

**II.   Applicable Statute and Essential Elements of the Offense**

> Possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1)

Title 18, United States Code, Section 922(g)(1) provides, in pertinent part, "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."

1

To convict the defendant of possession of a firearm by a felon, the government must prove the following four elements:

1. The defendant knowingly possessed a firearm;

2. At the time of the charged act, the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

3. At the time of the charged act, the defendant knew that he had been convicted of such an offense; and

4. Such possession was in or affecting interstate commerce.

### III.    Maximum Penalties

**Count One– Possession of ammunition by a felon – 18 U.S.C. § 922(g)(1):**

The defendant faces a maximum sentence of ten years' imprisonment, a three-year term of supervised release, a $250,000 fine, and a $100 special assessment.

### IV.    Factual Basis for the Plea

On December 14, 2021, Philadelphia Police Officer Alex Camacho, a five-year veteran assigned to an intelligence unit, viewed Instagram posts of firearms on the defendant's account. Officer Camacho knows the username "31k.banga" belongs to the defendant, because he has seen multiple photographs and videos of the defendant posted to this account, including Instagram "stories" and "live" videos.

On December 29, 2021, Officer Camacho viewed three Instagram photographs posted to the defendant's account at 2:45 p.m. on December 28, 2021. The photographs depict the defendant with multiple firearms and United States currency. Officers located the alleyway

where the three photographs were taken, near a convenience store they knew the defendant to frequent at 1540 W. Ruscomb Street, Philadelphia, Pennsylvania.  The officers continued to look for the defendant in the area.  As they were nearing the convenience store, they saw the defendant walking down the street with another man and a woman and enter a convenience store.  Officer Camacho, who was working in plain clothes, requested the assistance of uniformed police officers.  Multiple marked police vehicles arrived within a few minutes.  During that time, the defendant, the male, and the female remained inside of the store.

When uniformed police officers entered the store, the defendant's male friend shouted, "Taron, the law. Taron, the law."  Officers Camacho heard the man call out to the defendant and watched as the defendant quickly disappeared down an aisle to the back of the store.  The defendant was placed in handcuffs and removed from the store.  The officers located the firearm in a palette of two-liter soda bottles at the rear of the store in the area where the defendant had fled.

Surveillance video from the convenience store, later recovered by police, showed that as police entered the store, the defendant quickly moved to the back of the aisle, removed a large black object from his waistband, and deposited the same within the palette of two-liter soda bottles in the exact location where officers ultimately recovered the firearm.

Officer Camacho recovered a black Smith & Wesson, M&P Shield EZ, 9mm firearm, bearing serial number RFK1117, with a flashlight attachment, loaded with three live rounds of ammunition.  Additionally, the firearm in the defendant's Instagram post from the day prior to his arrest is a black firearm with a flashlight attachment.  The phrase "M&P" can be seen on the firearm.  The white writing on the flashlight attachment in the photograph is consistent with the

white writing on the firearm recovered from the convenience store.

At trial, the government would present testimony from an officer at the Philadelphia Firearms Identification Unit who test fired the firearm and determined that it was operable. The government would additionally present an expert from the Bureau of Alcohol, Tobacco, Firearms and Explosives who would testify that the firearm charged in the indictment was manufactured outside of the Commonwealth of Pennsylvania, and would have traveled in and affected interstate commerce to be possessed by the defendant in Pennsylvania on December 28 and 29, 2021.

Prior to December 28, 2021, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, on or about March 18, 2021, the defendant pleaded guilty to possession of a firearm prohibited, a misdemeanor of the first degree, punishable by up to five years' imprisonment, arising out of an offense that took place on or about March 9, 2020 (CP-51-CR-0003632-2020). On December 28 and 29, 2021, when the defendant possessed the firearm charged in the indictment, specifically a Smith & Wesson, M&P Shield, 9mm semi-automatic pistol, bearing serial number RFK1117, loaded with 3 live rounds of 9mm ammunition, the defendant had knowledge that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year. At the time the defendant possessed the firearm as charged in this case, he was on parole for the conviction described above.

**V.        Terms of Plea Agreement**

The Guilty Plea Agreement provides that:

- The defendant will plead guilty to Count One as charged in the indictment 22-CR-58 under Fed. R. Crim. P. 11(c)(1)(C).

- The parties have agreed that the following specific sentence is the appropriate disposition of this case: a sentence of imprisonment of 24 months, a fine as directed by the Court, a three-year period of supervised release, and a $100 special assessment.

- If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and the defendant may withdraw the guilty plea.

- The defendant has agreed that the maximum penalty the Court can impose is as follows: 10 years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment.

- No one has promised or guaranteed to the defendant that the Court will accept the plea agreement.

- The parties have agreed that they will not seek or recommend any sentence except that agreed upon in the guilty plea agreement.

- The defendant is satisfied with his counsel's representation.

- There are no promises or agreements other than those contained in the written plea agreement.

- In the Acknowledgment of Rights form attached to the Guilty Plea Agreement, the defendant has acknowledged the various rights he is waiving by entering a plea of guilty.

## VI. <u>Conclusion</u>

For the foregoing reasons, the United States requests that the Court accept the defendant's plea of guilty.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney


 s/Ashley N. Martin
_____
Ashley N. Martin
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served via electronic mail upon the following:

Michael McCrossen, Esquire
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 540 West
Philadelphia, Pennsylvania 19106

        s/Ashley N. Martin
        Ashley N. Martin
        Assistant United States Attorney

Dated: May 2, 2022